Warren MORAN, Plaintiff–Appellant,

v.

**LOCKHEED MARTIN ENERGY SYSTEMS, INC., Defendant–Appellee.**

No. 02–5295.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2002.

Before MARTIN, Chief Judge; RYAN, Circuit Judge; and COHN, District Judge.[*]

### ORDER

Warren Moran, a Tennessee citizen, moves for the appointment of counsel and appeals the summary judgment for defendant in an employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Moran was hired by defendant's predecessor in 1978. He worked for over thirteen years in the fire department. In 1992 he took a position as a power operator for higher pay. On October 25, 1996, he was laid off as part of a reduction in force. Moran obtained the services of an attorney and filed a charge with the EEOC, alleging that defendant had discriminated against him on the basis of his race when he was not transferred to a position as a power operator in Kentucky, and when he was not hired to fill openings in the fire department. After receiving notice of his right to sue, Moran filed this complaint in 1999, repeating his claim of race discrimination, and asserting that he was not recalled to any position for which he was qualified, that he was refused the opportunity to update his emergency medical technician (EMT) certification in 1995, and that he was not hired for the openings in the fire department, all as a result of race discrimination.

A lengthy discovery process ensued. Defendant initially moved for partial summary judgment on Moran's claims regarding EMT training and the failure to recall Moran to any position for which he was qualified. The district court granted this motion on the ground that these claims had not been raised in Moran's EEOC complaint. Defendant later moved for summary judgment on the remaining claim that Moran should have been hired for the openings in the fire department. The district court granted this motion as well, finding that Moran had not shown that he was qualified for the positions. The district court also noted that, to the extent the complaint could be construed as based on § 3161 of the National Defense Authorization Act, 42 U.S.C. § 7274(h), no private cause of action was implied by that legislation. Moran raises no argument in that regard on appeal. His brief on appeal alleges that the four attorneys he employed throughout the proceedings in the district court were guilty of malpractice, and that the failure to recall him was based on retaliation for his EEOC filing.

Upon careful consideration, we conclude that defendant was properly granted summary judgment in this case, as there is no genuine issue of fact and defendant was entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The district court properly granted defendant's motion for partial summary judgment regarding Moran's claims of denial of EMT training and failure to recall him to any position for which he was quali-

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

fied, as those claims were not raised in the complaint he filed with the EEOC. *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir.1991). That complaint raised only claims regarding a transfer to an opening in Kentucky and the positions in the fire department, and alleged that the discrimination began in 1996. Therefore, the claim of denial of training in 1995 was clearly not exhausted. Because Moran was represented by counsel at the time of filing his EEOC complaint, liberal construction of his complaint was not required. *Id.* at 546. Similarly, although Moran alleged that there were other openings for which he was qualified but not hired, he failed to identify what these positions were or to file a charge of discrimination with the EEOC regarding any such positions.

■ After granting the motion for partial summary judgment, the only remaining claim was that Moran should have been hired for openings in the fire department. In order to establish a prima facie case of discrimination with regard to this claim, Moran was required to show that he was a minority who applied for a vacant position for which he was qualified, and was rejected, while defendant continued to seek applicants for the position. *Cooper v. Fed. Reserve Bank of Richmond,* 467 U.S. 867, 875, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). Moran failed to demonstrate that he was qualified for the openings in the fire department. Defendant showed that, after Moran left the department, the qualifications for hiring were changed to require EMT certification and certification as a journeyman firefighter. Moran did not have either of these certifications in 1996 when he applied. Although he argued that other employees who had never left the fire department were grandfathered in and permitted to continue to work without these certifications, such employees were not comparable to Moran, who was attempting to be hired into the department. Because no genuine issue of fact existed regarding whether Moran was qualified for the fire department openings, defendant was properly granted summary judgment on this claim. *See Roh v. Lakeshore Estates, Inc.*, 241 F.3d 491, 499 (6th Cir.2001).

■ Moran's argument on appeal that his various attorneys failed to effectively represent him below, while possibly being the basis for malpractice claims, is not a basis for overturning the district court's decision. Furthermore, his claim of retaliation for filing his EEOC charge need not be addressed, as it was not raised in the district court. For all of the above reasons, the motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.